UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-21782-Civ-COOKE/BANDSTRA

MAURICE A. BATLLE, *et al.*,

    Plaintiffs

vs.

WACHOVIA BANK, N.A.,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART WACHOVIA BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

**THIS MATTER** is before me on Wachovia Bank, N.A.'s Motion to Dismiss Plaintiffs' Amended Complaint. (ECF No. 15). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendant's Motion to Dismiss is granted in part and denied in part.

### I. BACKGROUND

This is an action based on conversion, civil theft, breach of contract, and common law money had and received. Plaintiffs, Maurice A. Batlle and Maria Carmen Castelbon Velao, seek to recover monies deposited in a bank account opened with Defendant, Wachovia Bank, N.A. Plaintiffs allege that Defendant closed their account without authorization and refuses to return the deposited money to them.

### II. LEGAL STANDARDS

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

When considering a motion to dismiss filed under Rule 12(b)(6), the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

### III. ANALYSIS

#### A. COUNT I – CONVERSION

Count I of the Plaintiffs' Complaint alleges Defendant committed the tort of conversion. In specific, Plaintiffs allege that they held an account with Defendant, which held a sum of $159,518.36. Compl. ¶¶ 4, 5. They allege that Defendant unlawfully took possession and control of the funds in that account and now deny Plaintiffs possession of, access to, and/or use of the funds. Compl. ¶¶ 6, 8. Defendant argues that Plaintiffs cannot assert a claim for conversion because the money at issue here is fungible and cannot be specifically identified.

The tort of conversion is defined as "an act of dominion wrongfully asserted over another's property inconsistent with his ownership of it." *Belford Trucking Co. v. Zagar*, 243

So. 2d 646, 648 (Fla. Dist. Ct. App. 1971).  Money, as personal property, may be the subject of conversion "so long as it consists of specific money capable of identification." *Id*.

Florida law establishes that claim of conversion of money in a bank account is proper where the money is deposited into an account designed to keep money segregated and identifiable, such as a trust or escrow account, or where there is an obligation or fiduciary duty to keep money segregated.  *See, e.g.*, *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1056 (Fla. Dist. Ct. App. 2008) (holding conversion claim inapplicable where the parties did not contemplate that defendant would keep the money in a separate account or that the funds would be held in a trust or escrow account); *Alex Hofrichter, P.A. v. Zuckerman & Venditti, P.A.*, 710 So. 2d 127, 129 (Fla. Dist. Ct. App. 1998) (permitting conversion claim where defendant transferred partnership assets held in trust to personal bank account); *Rosen v. Marlin*, 486 So. 2d 623, 625 (Fla. Dist. Ct. App. 1986) (explaining that money "need not be earmarked, but there must be an obligation to keep intact or deliver the specific money in question, so that such money can be identified" and concluding that "[t]his is not a case where a party refused to pay over to the demanding party a specific fund capable of separate identification required to be deposited into a special account . . .").

Money is identifiable where "it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit, or where wrongful possession of such property is obtained." *Belford Trucking*, 243 So. 2d at 648 (citing as an example of conversion:  a situation where "a specific sum of money is to be held in constructive trust until the occurrence of a specified event").  The fact that a claim concerns an amount certain does not make it an "identifiable fund." *Fla. Desk, Inc. v. Mitchell Int'l, Inc.*, 817 So. 2d 1059, 1061 (Fla. Dist. Ct. App. 2002) (holding conversion claim would not

lie where funds at issue were placed in a general operating account). Thus, an action for conversion will not lie where the claim concerns the "taking of 'fungible' monies." *Fla. Dep't Ins. v. Debenture Guar.*, 921 F. Supp. 750, 757 (M.D. Fla. 1996) (quoting *Kee v. Nat'l Reserve Life Ins. Co.*, 918 F2d 1538, 1541 (11th Cir. 1990)).

Here, Plaintiffs' Complaint fails to make the necessary allegations to assert a claim for conversion of money from a bank account. Plaintiffs make no allegations to establish that the funds in their account consist of specific monies capable of identification or that the Defendant owed a fiduciary duty to them. *See Rosen*, 486 So.2d at 626. Plaintiffs state only that they placed a certain amount of money into an account and the Defendant refuses to return a certain amount of money to them. For these reasons, Plaintiffs have not met their burden to allege enough facts to state a claim of conversion that is plausible on its face. *See Twombly*, 550 U.S. at 570. Count I of the Complaint is therefore dismissed.

### B. COUNT II – CIVIL THEFT

Count II of the Plaintiffs' Complaint alleges that Defendant's actions constitute civil theft under Florida Statute, § 772.11. Plaintiffs claim they provided Defendant with notice, as required under statute, and Defendant failed to return Plaintiffs' funds within thirty days. Defendant argues that Plaintiffs allegations are insufficient to sustain a claim under the civil theft statute.

"To establish a claim for civil theft, a party must prove that a conversion has taken place and that the accused party acted with criminal intent." *Gasparini*, 972 So. 2d at 1055. Because there is no factual basis to support a claim for conversion, there can be no cause of action for civil theft. Accordingly, Count II of the Complaint is dismissed.

### C. COUNT III – BREACH OF CONTRACT

In Count III, Plaintiffs allege that Defendant breached its contract with Plaintiffs when it closed the Plaintiffs' account without the Plaintiffs' authorization and refused to return the funds in their account. Defendant argues that Plaintiffs' allegations lack specificity because they have not alleged whether the contract was oral or written, when the agreement was entered into, the terms of the agreement, and which specific term of the agreement was breached.

An adequately pled breach of contract action requires three elements: (i) a valid contract; (ii) a material breach of the contract; and (iii) damages resulting from the breach. *Technical Packing, Inc. v. Hanchett*, 992 So. 2d 309, 313 (Fla. Dist. Ct. App. 2008). The Federal Rules of Civil Procedure do not require that Plaintiffs set out in detail the facts upon which their breach of contract claim is based. *See Iqbal*, 129 S. Ct. at 1949. To survive a motion to dismiss, Plaintiffs need only state sufficient facts to make a plausible claim for relief and to provide Defendant notice of the claims against it. *Id*. at 1950. "For better or for worse, the Federal Rules of Civil Procedure do not permit district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can." *Comprehensive Care Corp. v. Katzman*, No. No. 09-01375, 2010 WL 1433414, at *3 (M.D. Fla. Apr. 9, 2010) (citing *In re Se. Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995)).

Plaintiffs have pled sufficient facts to make a plausible breach of contract claim. Plaintiffs make the following allegations that they had a valid contract:

(i) Plaintiffs entered into an agreement to open a bank account with Defendant. Compl. ¶ 13.

(ii) A bank account was opened. Compl. ¶ 14.

(iii) Plaintiffs deposited funds in account number 1010194294407. Compl. ¶ 15.

(iv) At all times, Plaintiffs were customers of Defendant and were the owners of the funds deposited in the Defendant's bank in account number 1010194294407.  Compl. ¶ 4.

Plaintiffs make the following allegation that there was a material breach of the contract: the Defendant closed said account without Plaintiffs' authorization and has refused to return the Plaintiffs' money after demand was made.  Compl. ¶¶ 16, 18.

Plaintiffs have alleged that they suffered $159,518.36 worth of damages as a result of Defendant's breach.

For these reasons, Plaintiffs have pled sufficient facts as to each of the elements of a breach of action claim.  Count III of the Complaint is not dismissed.

### D.  COUNT IV – COMMON LAW MONEY HAD AND RECEIVED

Count IV of the Plaintiffs' Complaint alleges a cause of action for common law money had and received.  In support of this claim, the Complaint contains allegations that Defendant received money in the Plaintiffs' account, Defendant closed the account and unjustly deprived Plaintiffs of their ownership interest therein, Defendant is not entitled to the money, and Defendant would be unjustly enriched if allowed to kept the money.  Defendant argues that these allegations are insufficient to state a claim under common law money had and received.

The common law cause of action for money had and received "constitutes a remedy at law to recover money erroneously paid or received by a defendant when to permit the defendant to keep the money would unjustly deprive the plaintiff of his ownership of the money."  S*harp v. Bowling*, 511 So. 2d 363, 364-65 (Fla. Dist. Ct. App. 1987).  Common law money had and received applies, for example, "[e]very time an owner inadvertently leaves his money or other property in the possession of another, or inadvertently pays the debt of another, or inadvertently deposits his money to the account of another" and consequently makes a unilateral mistake.  *Id*.

at 365; *see, e.g.*, *Deco Purchasing & Distrib. Co. v. Panzirer*, 450 So. 2d 1274, 1275 (Fla. Dist. Ct. App. 1984) (check deposited in error subject to common law money had and received); *E.J. Sales & Serv., Inc. v. Se. First Nat'l Bank of Miami*, 415 So. 2d 906, 907 (Fla. Dist. Ct. App. 1982) (cause of action for money had and received applicable where bank mistakenly wired funds to bank account); *Gilmore v. Texas Co.*, 129 So. 587, 588 (Fla. 1930) (common law money had and received applied where tax per gallon of gasoline was charged in error).

The Complaint is absent any factual allegations to support a cause of action for money had and received. Plaintiff makes no allegation that they deposited money into their account in error or that the bank committed a mistake in handling their money. Accordingly, Count IV of the Complaint is dismissed.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Wachovia Bank, N.A.'s Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 15) is **GRANTED IN PART AND DENIED IN PART**, as follows:

2. Counts I, II, and IV of the Plaintiffs' Amended Complaint are **DISMISSED without prejudice**.

3. Count III of the Plaintiffs' Amended Complaint remains. The Defendant's Motion to Dismiss is denied as to this Count.

5. Plaintiffs shall have 15 days from the date of this Order to file a Second Amended Complaint.

**DONE and ORDERED** in chambers, at Miami, Florida, this 21ST day of March 2011.

_/s/ Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*