UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-21782-Civ-COOKE/BANDSTRA

MAURICE A. BATLLE, *et al.*,

    Plaintiffs
vs.

WACHOVIA BANK, N.A.,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT WACHOVIA BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before me on Defendant Wachovia Bank, N.A.'s Motion for Summary Judgment. (ECF No. 74). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendant's Motion is granted in part and denied in part.

**I. BACKGROUND**

This is an action for breach of contract.[1] Plaintiffs, Maurice A. Batlle and Maria Carmen Castelbon Velao, seek to recover monies deposited in a bank account opened with Defendant, Wachovia Bank, N.A. ("Wachovia").

Unless otherwise noted, the following facts are undisputed.[2] Ms. Velao maintained a bank account with Wachovia, which is subject to this action. Wachovia's Deposit Agreement

---

[1] On March 21, 2011, I entered an Order dismissing without prejudice Plaintiffs' claims based on conversion, civil theft, and common law money had and received, for failure to sufficiently state a claim for which relief may be granted. Plaintiffs never sought to amend their Complaint.

[2] The facts set forth in the Defendant's Statement of Undisputed Facts are deemed admitted to the extent that they are supported by evidence in the record, and Plaintiffs do not specifically dispute them in an opposing statement of facts. S.D. Fla. L.R. 7.5(D); *see also Gossard v. JP Morgan Chase & Co.,* 612 F. Supp. 2d 1242, 1245-1246 (S.D. Fla. 2009).

and Disclosure for Personal Accounts (the "Deposit Agreement" or "Agreement") governs the account.[3]

On January 6, 2010, an unknown person deposited a 20,000.00 check from CarMax made out to Lilliam Perez Batlle (the "CarMax check") into the Plaintiffs' Wachovia account. The CarMax check represented proceeds from the sale of Lilliam Batle's vehicle. Lilliam Batlle was neither an account holder of, nor an authorized signer on, the Plaintiff's account. On January 8, 2010, Janou Batlle, Maurice Batlle's sister, deposited a $139,986.55 check from Wells Fargo Home Mortgage made out to Lilliam Perez Batlle (the "Wells Fargo check") into the Plaintiffs' account. The Wells Fargo check represented proceeds from a reverse mortgage on certain real property. Lilliam Batlle passed away on January 15, 2010.

Wachovia subsequently put a hold on the account. Wachovia states that it did so because Lilliam Batlle was not a signer on the Plaintiffs' account, and the endorsement on the CarMax and Wells Fargo checks did not match the signature that Wachovia had on file for Lilliam Batle. Wachovia states that its "policies and procedures" require the payee of a check deposited in a non-payee's account to execute a Release Agreement. Lilliam Batle never executed a Release Agreement for the CarMax or Wells Fargo checks before she passed away.

Wachovia eventually returned the proceeds from the Wells Fargo check to Wells Fargo Home Mortgage, which applied the funds to the balance due on Lilliam Batlle's reverse mortgage. Wachovia has retained all other funds in the account.

---

[3] In their Complaint, Plaintiffs state they are both owners of the account at issue, but Mr. Battle contends he never signed any document incorporating the Deposit Agreement. Plaintiffs therefore dispute the applicability of the Agreement as to Mr. Batlle. There is no dispute, however, that the Agreement applies to Ms. Velao, who admits she owned and maintained the subject bank account.

## II. LEGAL STANDARDS

A court "shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of [Rule 56(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(c) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## III. ANALYSIS

Wachovia argues that there are no genuine issues of material fact relating to Plaintiffs' breach of contract claims because Plaintiffs have not (i) established the existence of a contract,

nor (ii) identified what terms of the contract Wachovia has allegedly breached.  For issues on which the non-movant would bear the burden of proof at trial, the moving party must show "that there is an absence of evidence to support the non-moving party's case" or set forth "affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993).

      Plaintiffs do not dispute that the Deposit Agreement applies to Ms. Velao.  Ms. Velao signed a Customer Access Agreement that states, "I agree to be bound by the terms and conditions [of] . . . Wachovia's Deposit Agreement and Disclosures . . . ." As to her, Plaintiffs have established the existence of a contract with Wachovia.  As to Mr. Batlle, Plaintiffs fail to establish the existence of a contract with Wachovia.  In fact, Plaintiffs adamantly argue that Mr. Batlle has no contract with Wachovia.  Therefore, Plaintiffs' breach of contract claim fails as to Mr. Batlle and summary judgment is granted in favor of Wachovia.

      As to Wachovia's second argument—that Plaintiffs fail to identify what terms of the contract Wachovia has breached—Plaintiffs do not dispute that the Deposit Agreement permits Wachovia to hold any deposit, but they argue that Wachovia cannot do so arbitrarily or in bad faith.  "[W]hen one party is given discretion to act under a contract, said discretion must be exercised in good faith." *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1314 (S.D. Fla. 2010); *N. American Van Lines, Inc. v. Lexington Ins. Co.*, 678 So. 2d 1325, 1333 (Fla. Dist. Ct. App. 1996) ("[T]he bad faith action is essentially one for breach of contract, which includes, under the case law, an implied good faith obligation."); Rest. 2d Contracts § 205 ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.").

Under the Deposit Agreement, Wachovia has discretion to determine when to charge back an account and when to hold a deposit.  *See* Deposit Agmt. I.D.1, 5.  Plaintiffs argue that Wachovia breached the Deposit Agreement because it acted in bad faith when it decided, in its discretion, to place a hold on their deposits and close their account.

There are genuine issues of material fact regarding whether Wachovia exercised good faith.  Plaintiffs put forth evidence that indicates they notified Wachovia in advance of at least one of Lilliam Batlle's deposits, informing the bank that they authorized the deposit.  On January 6, 2010, Mr. Batlle and Lilliam Batlle sent a letter to Wachovia informing the bank of an upcoming $139,986.55 deposit from Lilliam Batlle into the account at issue.  On January 22, 2010, a Wachovia representative sent a fax to Tomika Abrams, Wachovia's fraud investigator, stating that Lilliam Batlle personally signed the letter in his presence on January 6, 2010.  Viewed in light most favorable to Plaintiffs, this evidence provides support that Wachovia had at least some evidence that the deposit was legitimate and may not have had grounds to hold this deposit.

Further, there are genuine issues of material fact as to whether Wachovia exercised good faith in requiring Plaintiffs to provide a Release Agreement to release the funds in their account.  Wachovia states that its policy is to require a Release Agreement where a payee deposits a check in a non-payee's account.  It notes that Lilliam Batlle never signed a Release Agreement before she passed away.  Wachovia has not pointed this Court to any provision in the Deposit Agreement or any other document provided to Plaintiffs that expressly states that this is Wachovia's policy.  A genuine issue of material fact exists regarding whether Plaintiffs had any notice of the policy before the checks were deposited.  *See MJZ Corp. v. Gulfstream First Bank*

*& Trust, N.A.*, 420 So. 2d 396, 398 (Fla. Dist. Ct. App. 1982) ("we hold that [a bank] a policy, without notice to the customer, cannot bind the customer.").

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendant Wachovia Bank, N.A.'s Motion for Summary Judgment (ECF No. 74) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Defendant's Motion is **GRANTED** as to Maurice E. Batlle. Mr. Batlle is DISMISSED from this case.

2. Defendant's Motion is **DENIED** as to Maria Carmen Catelbon Velao.

**DONE and ORDERED** in chambers, at Miami, Florida, this 29th day of June 2011.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

6